18-198-cr
*United States v. Lowery*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*       18-198-cr

    v.

DARIUS LOWERY,

    *Defendant-Appellant.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as shown above.

1

**FOR APPELLEE:**                                    Susan Corkery, Andrew D. Grubin,
                                                    Assistant United States Attorneys, *for*
                                                    Richard P. Donoghue, United States
                                                    Attorney, Eastern District of New York,
                                                    Brooklyn, NY.


**FOR DEFENDANT-APPELLANT:**                         Anthony M. LaPinta, Reynolds, Caronia,
                                                    Gianelli & LaPinta, P.C., Hauppauge, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 12, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Darius Lowery ("Lowery") appeals from his January 12, 2018 judgment of conviction following a jury trial in which he was convicted of interference with commerce by robbery, conspiracy to interfere with commerce by robbery, (both in violation of 18 U.S.C. § 1951(a), *i.e.*, "the Hobbs Act,") and brandishing a firearm during a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A)). On appeal, Lowery argues that the evidence was insufficient to establish that the robbery affected interstate commerce, and thus challenges the validity of all three convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's denial of a Federal Rule of Criminal Procedure 29(a) motion based on claim of insufficient evidence. *United States v. Celaj*, 649 F.3d 162, 167 (2d Cir. 2011). Like the district court, we "credit every inference that could have been drawn in the government's favor, and we must view the evidence as a whole," and uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Here, Lowery argues that the evidence of an effect on interstate commerce was insufficient.[1] In particular, he argues that the victim's testimony established only a "present tense" interstate commerce effect, and that the two-year timeline between the crime and the testimony was "too attenuated" for the jury to infer interstate effects based on that testimony. Br. Appellant 13-14.

---

[1] There is no dispute that the jury was properly instructed concerning the interstate commerce requirement.

We reject Lowery's argument. Although the Government bears the burden of establishing a nexus to interstate commerce as an element of Hobbs Act robbery, that nexus requirement "is minimal." *United States v. Elias*, 285 F.3d 183, 188 (2d Cir. 2002). In fact, we will uphold a Hobbs Act conviction if the defendant's conduct "produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential." *United States v. Perrotta*, 313 F.3d 33, 36 (2d Cir. 2002); *see also United States v. Parkes*, 497 F.3d 220, 230 (2d Cir. 2007) ("[T]he required showing of an effect on interstate commerce is *de minimis*."). Moreover, we have explained that "[t]he required evidence of an effect need not take any particular form or be offered in any particular quantum— direct, indirect, or circumstantial evidence could suffice. It is a case-by-case inquiry." *Id.* at 231 n.11.

Here, the Government has met this low bar. The victim testified that some of the jewelry sold in his jewelry store is purchased in California, that some of his gold comes from Italy, and that two bags of gold were among the items stolen. App'x 83. Based on this testimony as well as common knowledge about the basic facts of the gold market, the jury could infer that some of the stolen items traveled in interstate commerce. *See e.g., United States v. Gomez*, 580 F.3d 94, 102 (2d Cir. 2009) (holding that a "juror is surely capable of drawing the conclusion that a robbery undertaken with the object of stealing from a drug dealer three kilos of cocaine . . . would have had at least the required *de minimus* [sic] effect on interstate commerce").

Moreover, the victim also testified that he suffered $100,000 in losses and that these losses impaired his ability to purchase additional items for sale. App'x 83. A rational trier of fact could thus conclude that the robbery affected the victim's subsequent interstate commercial activity. This too is sufficient. Indeed, we have previously upheld a Hobbs Act conviction on the basis that "the victim . . . [c]ustomarily obtains supplies through interstate commerce," because "the diminution of the victim's resources impairs his purchasing power and may therefore be found to affect interstate commerce for the purpose of the Hobbs Act." *United States v. Merolla*, 523 F.2d 51, 54 (2d Cir. 1975). Such are precisely the circumstances here.

## CONCLUSION

We have reviewed all of the arguments raised by Lowery on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3